**Christopher L. Cauble,** OSB No. 962374
ccauble@thecaublefirm.com
**Elizabeth W. Armitage**, OSB No. 175352
earmitage@thecaublefirm.com
**CAUBLE, SELVIG & WHITTINGTON, LLP**
111 SE Sixth Street
Grants Pass, OR  97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

**David Paul**, OSB No. 862605
dp@davidpaullaw.com
**DAVID PAUL PC**
210 SW Morrison Street, Ste. 500
Portland, OR 97204
Telephone: (503) 224-6602
Facsimile: (503) 719-5542

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **FAITH MORSE, Guardian Ad Litem for** | |
| **S.S., minor child pseudonym,** | **Case No. 6:19-cv-01320-MC** |
| **Plaintiff,** | **PLAINTIFF'S AMENDED COMPLAINT** |
| **v.** | |
| **STATE OF OREGON by and through the DEPARTMENT OF HUMAN SERVICES, CHILD PROTECTIVE SERVICES DIVISION; CITY OF MYRTLE CREEK, an Oregon Municipality; and ALEXANDER SALTERIO, in his official and personal capacity,** | |
| **Defendants.** | |

COMES NOW Plaintiff Faith Morse, guardian ad litem for S.S., a pseudonym, and alleges

as follows:

1 - AMENDED COMPLAINT

PARTIES

1.

At all times relevant, Plaintiff S.S. was a minor child under the age of 14. Plaintiff

appears through her duly appointed Guardian *ad Litem* Faith Morse. At all times relevant, S.S.

was a ward of the State of Oregon. Plaintiff is now 11 years old.

2.

At all times relevant, Defendant Oregon Department of Human Services, Child Protective

Services Division (hereinafter "DHS" or "Defendant DHS") was an Oregon state agency

headquartered in Salem, Marion County, Oregon. At all times relevant it was doing regular,

sustained business throughout the State of Oregon, including Douglas County.

3.

At all times relevant the Defendant Alexander Salterio (hereinafter "Salterio" or

"Defendant Salterio") was an individual residing in Douglas County, Oregon and employed by

Defendant Myrtle Creek as a law enforcement officer. Salterio's duties as an officer of MCPD

included investigating and reporting child abuse. At all times material, Defendant Salterio, as a

sworn peace officer and foster parent, was a mandatory reporter of child abuse or neglect under

ORS 419B.010(1) and ORS 419B.005(6)(f), (l). Salterio is named in his personal and official

capacities pursuant to 42 U.S.C. §1983.

4.

At all times relevant the Defendant City of Myrtle Creek (hereinafter "Myrtle Creek" or

"Defendant Myrtle Creek") was an Oregon municipality located in Douglas County, Oregon. At

all times relevant, Myrtle Creek had a principal-agent relationship with the Myrtle Creek Police

Department ("MCPD"). Defendants Myrtle Creek, Salterio, and MCPD were at all times

material acting under the color of state law.

JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because the Complaint raises Federal Constitutional questions, specifically the 5th and 14th Amendments of the United States Constitution and federal questions pursuant to 42 U.S.C. §1983. Supplemental jurisdiction over Oregon State law claims is proper based on 28 U.S.C. §1367.

6.

Venue is proper in the U.S. District Court of Oregon pursuant to 28 U.S.C. §1391(b) because all the parties are, and at all times relevant were, residents or institutions of Oregon. Venue is proper in the Eugene subdivision because at all times relevant, all parties were located and all relevant actions occurred in either Douglas County or Marion County, which are encompassed in the Eugene subdivision of the U.S. District Court of Oregon.

7.

Plaintiff is exempt from providing notice to the state under the Tort Claim Act pursuant to ORS 30.275(8).

8.

Plaintiff's claim is timely against Defendant City of Myrtle Creek because this case is filed within 270 days of S.S. having notice of her claim against the city.

9.

In or about 2015, S.S. then age 8, was removed from the custody of her mother by Oregon Department of Human Services.

//

3 - AMENDED COMPLAINT

10.

DHS has the duty to first try to place a minor with a close relative, who is willing and able to take the child, even if the relative does not live in Oregon.

11.

S.S. has grandparents who live in the State of Washington. S.S.'s grandfather, with whom S.S. had a close relationship, was willing to take her in and was suitable, but DHS refused to place her with him.

12.

Since DHS did not place S.S. with a family member, they placed her with a stranger in the foster care system, where she was then placed in Defendant Salterio's home, who was also a stranger.

13.

DHS has a screening and qualification process for certifying all prospective foster parents. These processes include ensuring the potential foster parent is capable of "maintain[ing] conditions in the home that provide safety, health, and well-being for the child" and "[having] a lifestyle and personal habits free of criminal activity..." Further, DHS must "ensure that all adult members of the household: ...(B) do not pose a risk to the safety, health, and well-being needs of a child or young adult; [and] (C) have a lifestyle and personal habits free of criminal activity..." OAR 413-200-0274; Oregon Foster Parent Bill of Rights.

14.

A certified foster family "must comply with...the following requirement[]:....(4) not subject any child to abuse, as described in ORS 419B.005." Oregon Foster Parent Bill of Rights.

//

4 - AMENDED COMPLAINT

15.

As a foster child, S.S. has a federally protected right to a safe home and "to be protected from physical, mental, emotional, and sexual abuse including exploitation." Oregon Foster Children's Bill of Rights.

THE UNITED STATES CONSITUTION AND FEDERAL LAW IMPOSE CERTAIN
REQUIREMENTS FOR THE OREGON CHILD WELFARE SYSTEM

16.

The Due Process Clause of the United States Constitution imposes an affirmative obligation upon state and local child welfare officials to:

a.    Ensure that each child placed in foster care is free from the foreseeable risk of physical, mental, and emotional harms;

b.    Ensure that each child placed in foster care receives the services necessary to ensure their physical, mental, intellectual, and emotional well-being in the least restrictive environment;

c.    Provide each child placed in foster care with conditions, treatment, and care consistent with the purpose and assumption of custody;

d.    Ensure that each child placed in foster care is not maintained in custody longer than is necessary to accomplish the purpose of custody; and

e.    Provide each child placed in foster care with reasonable efforts to obtain or return to an appropriate permanent home and family within a reasonable period of time.

17.

Federal law requires that state and local child welfare officials:

a.    Place each child in foster care in a foster placement that conforms to nationally recommended professional standards, 42 U.S.C. §671(a)(10);

5 - AMENDED COMPLAINT

b.      Provide for each child placed in foster care a written case plan that includes a plan to provide safe, appropriate, and stable foster care placements and implement that plan, 42 U.S.C. §§671(a)(16), 675(1)(a);

c.      Provide for each child place in foster care, where reunification is not possible or appropriate, a written case plan that ensures the location of an appropriate adoptive or other permanent home for the child, and implement that plan, 42 U.S.C. §§671(a)(16), 675(1)(E);

d.      Provide for each child placed in foster care a written plan that ensures the educational stability of the child while in foster care and implement that plan, 42 U.S.C. §§671(a)(16), 675(1)(G);

e.      Maintain a case review system in which each child in foster care has a case plan designed to achieve safe, appropriate, and stable foster care placements, 42 U.S.C. §§671(a)(16), 675(5)(A);

f.      Maintain a case review system in which the status of each child in foster care is reviewed every six months by a court, or a person responsible for case management, for purposes of determining the safety of the child, the continuing necessity and appropriateness of the foster placement, the extent of compliance with the permanency plan, and the projected date of permanency, 42 U.S.C. §§671(a)(16), 675(5)(B), 675(5)(C);

g.      Maintain a case review system that ensures that for each child in foster care, for 15 of the most recent 22 months, the responsible child welfare agency files a petition to terminate the parental rights of the child's parents and concurrently identifies, recruits, processes, and approves a qualified family for an adoption, or documents

compelling reasons for determining that such filing would not be in the best interests

of the child, 42 U.S.C. §§671(a)(16), 675(5)(B), 675(5)(E); and

h.    Provide to each child in foster care quality services to protect his or her safety and

health, 42 U.S.C. §§671(a)(22).

## FACTS

### 18.

Defendant Salterio was employed by Defendant Myrtle Creek at the Myrtle Creek Police

Department as a law enforcement officer beginning August 2017. Defendant Salterio is named as

a defendant herein as an individual acting under the color of law pursuant to 42 U.S.C.§1983.

### 19.

Pursuant to ORS 419B.005(5)(f), (l), Defendant Salterio was a mandatory reporter and

had a duty to report and cross-report to law enforcement or DHS if he had reason to believe a

child was suffering any kind of abuse. As a peace officer and a foster parent, Salterio was not

subject to any exception to the requirement.

### 20.

Pursuant to ORS 419B.005(4)(a) and ORS 419B.010(1), MCPD is a mandatory reporter

and has a duty to report to law enforcement or DHS and investigate if it has a reason to believe a

child is suffering any kind of abuse. As a law enforcement agency, MCPD is not subject to any

exception to the reporting requirement.

### 21.

Pursuant to OAR 413-015-0300, ORS 418.005 and 419B.017, when a report of abuse is

received by either DHS or a law enforcement agency, including MCPD, the receiving agency is

required to cross-report to the other agency, in order to share reports of abuse and respond and

7 - AMENDED COMPLAINT

investigate accordingly.

22.

On or about December 10, 2018, MCPD, an agent of Defendant Myrtle Creek, received a report from the Oregon Department of Justice ("DOJ") that Defendant Salterio had engaged in inappropriate sexual behavior and had inappropriate sexual interactions via the internet with at least one minor female child. As a result, MCPD joined the DOJ's investigation into the allegations against Defendant Salterio. Their initial investigation revealed that Defendant Salterio had inappropriate contact on multiple occasions with children as young as 12.

23.

The DOJ and Defendant Myrtle Creek had an immediate duty to cross-report its knowledge of abuse to Defendant DHS. To ensure her safety, Defendant DHS then should have taken steps to remove, and actually removed, S.S. from the custody and care of Defendant Salterio.

24.

Defendant DHS did not follow proper practice and procedure to ensure that Defendant Salterio qualified or met certification requirements as a foster parent, in part because he was a police officer.

25.

Defendant DHS knew or should have known its foster parent Salterio presented an unreasonable risk of harm to S.S.

26.

On February 8, 2019, approximately two months after the initial report was received by Defendant Myrtle Creek, Defendant Salterio was arrested and charged with six counts of using a

child in a display of sexually explicit conduct (ORS 163.670) and six counts of first-degree

encouraging child sex abuse (ORS 163.684) (Douglas County Circuit Court Case No.

19CR09658). These charges did not include any criminal activity involving S.S.

27.

On February 11, 2019, the Douglas County District Attorney's office added charges of

Unlawful Sexual Penetration in the First Degree (ORS 163.411) and Sexual Abuse in the First

Degree (ORS 163.427), relating to S.S. as the victim, then age 10, against Defendant Salterio.

28.

Defendant Salterio's charges stem from actions that occurred at his residence and at the

Myrtle Creek Police Department. Salterio used his position in law enforcement for Myrtle Creek

Police Department to groom his young victim. Salterio used his position of respect and authority

as a law enforcement officer to gain trust with DHS, S.S., and others to spend time with S.S.

unsupervised, to touch S.S. inappropriately, to act out his sexual desires, and to commit sexual

assaults on S.S. Said acts were breaches of trust, all to S.S.'s harm as alleged below. The

grooming was accomplished and enabled by Salterio's police affiliation and were a direct

outgrowth and engendered by conduct within Salterio's position with and employment by

MCPD.

29.

Defendants DHS and Myrtle Creek knew or should have known that S.S. was in danger

or a victim of sexual abuse as she was near the age range of Defendant Salterio's known victims,

and because many of Defendant Salterio's harmful actions occurred in the same location and

residence as S.S.

//

9 - AMENDED COMPLAINT

30.

Defendants DHS and Myrtle Creek knew or should have known that Defendant Salterio's residence was not a reasonable placement for Plaintiff, but negligently failed to remove or recommend removal of S.S. from his custody and care.

## FIRST CLAIM FOR RELIEF

### (Negligence – Defendant DHS)

31.

Plaintiff re-alleges paragraphs 1-30 as if fully set forth herein.

32.

Defendant DHS was in a special relationship with Plaintiff because DHS exerted jurisdiction over Plaintiff and Plaintiff was, at all times material, a ward of Defendant DHS.

33.

Defendant DHS was negligent in one or more of the following particulars:

a. In failing to place Plaintiff with a foster parent who is related to Plaintiff or part of her family;

b. In failing to reasonably assess the safety of Plaintiff's foster placement with Salterio when Defendant DHS knew or should have known placement with Salterio was inappropriate;

c. In leaving Plaintiff with Salterio when Defendant knew or should have known that the placement was inappropriate;

d. In failing to timely and thoroughly investigate Salterio and S.S.'s placement with Salterio when DHS knew or should have known that he presented an unreasonable risk of harm to Plaintiff;

e. In failing to reasonably investigate and stop the sexual abuse of Plaintiff when Defendant knew or reasonably should have known that Plaintiff was at risk of harm;

f. In failing to reasonably protect Plaintiff from child abuse, emotional abuse, and neglect as alleged herein;

g. In failing to reasonably place Plaintiff in an appropriate foster home;

h. In failing to create or follow a written safety plan to provide for Plaintiff's safe, appropriate, and reasonable best interests;

i. In failing to consistently have face-to-face visits and contact with S.S. in compliance with DHS policy; and

j. In failing to maintain and implement case reviews for Plaintiff that would reasonably protect her safety.

34.

As a result of DHS' negligence as alleged, Plaintiff suffered injury requiring past and future psychological medical care and treatment, and future impairment or earning capacity to her economic damage in the amount of $2,000,000.00. Plaintiff has suffered emotional upset, anxiety, anger, and distress to her non-economic damage in the amount of $4,000,000.00.

**SECOND CLAIM FOR RELIEF**

**(Negligence Per Se– Defendant DHS)**

35.

Plaintiff re-alleges paragraphs 1-34 as if fully set forth herein.

36.

Defendant DHS was negligent in one or more of the following particulars:

a. Violating OAR 413-200-0274 by failing to comply with proper procedures in

certifying a foster home;

b. Violating OAR 413-015-0302 in failing to protect S.S. by conforming with the purpose of cross reporting;

c. Violating OAR 413-015-0305 by failing to comply with cross-reporting requirements;

d. Violating ORS 419B.007 by failing to comply with policy;

e. Violating ORS 419B.010 by failing to report known or suspected child abuse as a mandatory reporter not subject to an exception;

f. Violating ORS 419B.017 by failing to comply with the time limitations for cross-reporting; and

g. Violating ORS 419B.030 by failing to maintain a central registry of reports.

37.

Plaintiff is within the class of persons to be protected by these statutes and regulations. The harm and loss that Plaintiff suffered are the type of harm that the statutes and regulations were designed to prevent.

38.

Due to Defendant DHS's actions and inactions, Plaintiff suffered injury requiring past and future psychological and medical care and treatment; and future impairment of earning capacity to her economic detriment in the amount $2,000,000.00. Plaintiff has suffered emotional upset, anxiety, anger, and distress to her non-economic damage of the amount of $3,000,000.00.

//

//

//

## THIRD CLAIM FOR RELIEF

### (Negligence – Defendant Myrtle Creek)

39.

Plaintiff re-alleges paragraphs 1-38 as if fully set forth herein.

40.

As a law enforcement agency and a state actor, Defendant Myrtle Creek owed S.S. a duty of care to protect her from foreseeable wrongs.

41.

Defendant Myrtle Creek failed to review or ignored Salterio's employment history which showed that he had been dismissed from the Roseburg Police Department. Defendant knew or should have known that Salterio had been involuntarily dismissed from the Roseburg Police Department.

42.

Defendant Myrtle Creek failed to follow up with Roseburg Police Department regarding the reasons for Salterio's dismissal.

43.

At all times material, knowledge of Defendant Salterio's bad acts, errors and omissions were known to Defendant Myrtle Creek because Defendant Salterio was an agent of Defendant Myrtle Creek.

44.

When Defendant Myrtle Creek was notified that Salterio was being investigated for engaging in inappropriate sexual conduct with young girls, and when MCPD joined the investigation, they knew or should have known that S.S. was in danger of abuse or was being

abused.

45.

Charging documents reveal that Defendant Myrtle Creek was aware of this potential

danger to S.S. and that she did, in fact, suffer abuse "in an act of the same or similar character,

and connected together, or constituting part of a common scheme or plan" of the other charges

for which Defendant Salterio was being investigated.

46.

Defendant Myrtle Creek had a duty to cross-report to DHS the suspected or actual abuse

in order to protect S.S. from an ongoing threat of harm.

47.

S.S. was sexually abused by Salterio on multiple occasions, including on the morning of

his arrest.

48.

But for Defendant Myrtle Creek's actions and inactions, S.S. would likely have never

been sexually assaulted by Defendant Salterio.

49.

Due to Defendant Myrtle Creek's actions and inactions, Plaintiff suffered injury requiring

past and future psychological and medical care and treatment; and future impairment of earning

capacity to her economic detriment in the amount $2,000,000.00. Plaintiff has suffered emotional

upset, anxiety, anger, and distress to her non-economic damage of the amount of $4,000,000.00.

//

//

//

## FOURTH CLAIM FOR RELIEF

### (Negligence Per Se – Defendant Myrtle Creek)

50.

Plaintiff re-alleges paragraphs 1-49 as if fully set forth herein.

51.

Defendant Myrtle Creek was negligent in one or more of the following particulars:

a.  Violating OAR 413-015-0300 in failing to comply with its duty to cross-report an allegation of abuse;

b.  Violating OAR 413-015-0302 in failing to protect S.S. by conforming with the purpose of cross-reporting;

c.  Violating OAR 413-015-0305 by failing to comply with cross-reporting requirements;

d.  Violating ORS 419B.005(4)(a) by failing to report child abuse as a mandatory reporter not subject to an exception;

e.  Violating ORS 419B.007 by failing to comply with policy;

f.  Violating ORS 419B.010 by failing to report known or suspected child abuse as a mandatory reporter not subject to an exception;

g.  Violating ORS 419B.017 by failing to comply with the time limitations for cross-reporting; and

h.  Violating ORS 419B.030 by failing to maintain a central registry of reports.

52.

Due to Defendant Myrtle Creek's actions and inactions, Plaintiff suffered injury requiring

past and future psychological and medical care and treatment; and future impairment of earning

capacity to her economic detriment in the amount $2,000,000.00. Plaintiff has suffered emotional

upset, anxiety, anger, and distress to her non-economic damage of the amount of $4,000,000.00.

## FIFTH CLAIM FOR RELEIF

### (Violation of 42 U.S. §1983)

53.

Plaintiff re-alleges paragraphs 1-52 as if fully set forth herein.

54.

Pursuant to the Fifth and Fourteenth Amendments of the U.S. Constitution, Plaintiff has

the right to equal protection, due process of law, and a liberty interest, including the right to be

protected from suspected or actual child abuse and the right to bodily integrity and physical

safety.

### 42 U.S. Code §1983 – Substantive Due Process

55.

A state assumes an affirmative duty under the Fourteenth Amendment to the United

States Constitution to provide reasonable care to, and to protect from harm, a child with whom it

has formed a special relationship, such as a child in foster care.

56.

Moreover, a state assumes affirmative duties to provide reasonable efforts to obtain a

permanent home and family derived from the First Amendment's right of association and the

Ninth Amendment's reservation of rights to the people.

57.

Defendant Myrtle Creek and Defendant Salterio had a principal-agent relationship

wherein both parties continuously acted under the color of state law. At all times material, Salterio was a mandatory reporter of child abuse and charged with developing policies, practices, and procedures for reducing child abuse in Oregon.

58.

Defendant Salterio's acts and omissions are conferred upon Defendant Myrtle Creek to due to their principal-agent relationship.

59.

Defendant Salterio knew or should have known that sexually assaulting S.S. was a violation of her well-established constitutional rights.

60.

Salterio and any reasonable person would know that sexually assaulting a minor child is a violation of that individual's rights.

61.

The foregoing actions and omissions of Defendants Myrtle Creek and Salterio, in his official capacity, constitute a policy, pattern, practice and/or custom that is inconsistent with the exercise of accepted professional judgment and amounts to deliberate indifference to the constitutionally protected liberty privacy interests, due process, and equal protection of S.S.

62.

Defendants are well-aware of the policies and practices that prevent individuals, such as Plaintiff, from receiving adequate protection from harm after the state has formed a special relationship with them. Plaintiff, as a foster child, has a special relationship with the State of Oregon. Defendant Myrtle Creek is liable to Plaintiff because its policies, practices, and procedures caused Plaintiff's injuries. Defendant Myrtle Creek has and had a policy of trusting

Salterio, or a single officer, to handle child abuse investigations and cross-reporting to DHS. While Salterio acted as an agent of Myrtle Creek, his position of authority resulted in Myrtle Creek having a policy of delegating to Salterio the task of investigating, cross-reporting, and preventing child abuse. MCPD had a systemic failure to ensure the protection of children from child abuse. MCPD failed in one or more of the following particulars:

    a.  In failing to reasonably scrutinize the background of applicants for job openings and assignments;

    b.  In failing to train members of the police department, including Salterio, to reduce or eliminate Salterio's child abuse;

    c.  In failing to adequately or reasonably supervise members of the MCPD, including Salterio;

    d.  In failing to adequately discipline members of the police department to avoid or eliminate child abuse;

    e.  In selecting, retaining, and assigning officers to child abuse details without adequate or any supervision;

    f.  In failing to report or cross-report known or suspected child abuse to DHS;

    g.  In failing to properly screen and investigate Salterio's employment history; and

    h.  In allowing the implicit ratification of the unconstitutional acts alleged herein by higher levels of authority.

63.

As a result, Plaintiff S.S. has been deprived of her constitutional substantive due process, liberty, and equal protection rights conferred upon her by the United States Constitution.

//

18 - AMENDED COMPLAINT

64.

These substantive due process rights include, but are not limited to:

a.  The right to freedom from maltreatment while under the protective supervision of the State; and

b.  The right to protection from unnecessary intrusions into the child's constitutionally protected rights to liberty, due process, equal protection under the law, and bodily integrity.

65.

Defendants Myrtle Creek and Salterio further violated Plaintiff's rights under the Due Process and Equal Protection Clauses by not immediately cross-reporting abuse to Defendant DHS.

66.

Defendant DHS violated the Equal Protection Clause by not removing S.S. from the care and custody of Defendant Salterio, despite his arrest, upon discovery of suspected or actual abuse.

67.

Due to Defendant Myrtle Creek's actions and inactions, Plaintiff suffered injury, a loss of trust in authority, and deprivation of her constitutional rights requiring past and future psychological and medical care and treatment; and future impairment of earning capacity to her economic detriment in the amount $2,000,000.00. Plaintiff has suffered emotional upset, anxiety, anger, and distress as a result of her constitutional deprivations to her non-economic damage of the amount of $3,000,000.00.

//

19 - AMENDED COMPLAINT

68.

Due to Defendants Myrtle Creek's and Salterio's conscious disregard of Plaintiff's rights
and repeated violations of Defendant Myrtle Creek's and Salterio's duties and obligations,
Plaintiff is entitled to punitive damages in the amount of $4,000,000.00 in order to punish and
deter such conduct.

**SIXTH CLAIM FOR RELIEF**

**(42 U.S.C. §1983; Salterio's and Myrtle Creek's Violation of the 14th Amendment)**

69.

Plaintiff re-alleges paragraphs 1-68 as if fully set forth herein.

70.

The 14th Amendment of the U.S. Constitution provides that "no state shall make or
enforce any law that violates due process or law nor deny any person equal protection under the
law." This applies to Defendants Myrtle Creek, as a municipality, and Salterio, as an individual,
because they are and were acting under color of state law.

71.

Defendants Myrtle Creek and Salterio denied Plaintiff equal protection of the law by
failing to immediately cross-report abuse against Plaintiff to Defendant DHS.

72.

Defendant Myrtle Creek knew or should have known that the 14th Amendment applies to
all citizens of the United States, including S.S.

73.

The allegations contained in this Complaint establish that Defendant Myrtle Creek, as a
principal of the MCPD, violated the provisions of the 14th Amendment, including the Equal

Protection clause.

74.

Based on the above, Plaintiff is entitled to injunctive relief as well as damages as further alleged in the Complaint due to the nature of the Defendant Myrtle Creek's behavior. Plaintiff seeks an injunction requiring MCPD to assign more than one law enforcement officer at a time to its child abuse team.

75.

Due to Defendants Myrtle Creek's and Salterio's actions and inactions, Plaintiff suffered a deprivation of her constitutional rights requiring past and future psychological and medical care and treatment; and future impairment of earning capacity to her economic detriment in the amount $2,000,000.00. Plaintiff has suffered further emotional upset, anxiety, anger, and distress to her non-economic damage of the amount of $4,000,000.00. Defendant Salterio's and Myrtle Creek's deliberate indifference to Plaintiff's rights were willful, wanton, and malicious. Plaintiff is entitled to an award of punitive damages in the amount of $4,000,000.00.

76.

Plaintiff is entitled to attorney fees on her Fifth and Sixth Claims for Relief, costs and disbursements pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages on Plaintiff's First Claim for Relief against Defendant DHS in the amount of $2,000,000.00 in economic damages and $3,000,000.00 in non-economic damages for a total of $5,250,000;

21 - AMENDED COMPLAINT

2. For damages on Plaintiff's Second Claim for Relief against Defendant DHS in the amount of $2,000,000.00 in economic damages and $3,000,000.00 in non-economic damages for a total of $5,250,000;

3. For damages on Plaintiff's Third Claim for Relief against Defendant Myrtle Creek in the amount of $2,000,000.00 in economic damages and $4,000,000.00 in non-economic damages for a total of $6,250,000.00.;

4. For damages on Plaintiff's Fourth Claim for Relief against Defendants Myrtle Creek and Salterio $2,000,000.00 in economic damages and $4,000,000.00 in non-economic damages for a total of $6,250,000.00.;

5. For punitive damages on Plaintiff's Fifth Claim for Relief against Defendants Myrtle Creek and Salterio for violating 42 U.S.C. §1983 in the amount of $4,000,000;

6. For injunctive relief requiring Defendant City of Myrtle Creek to have more than one law enforcement officer assigned to and head the child abuse team;

7. Attorney fees, costs, and disbursements for Plaintiff's Fifth and Sixth Claims for Relief; and

8. Such other relief as the Court deems just and equitable.

**DATED** this 23rd day of June, 2020.

CAUBLE, SELVIG & WHITTINGTON, LLP

Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
CAUBLE, SELVIG & WHITTINGTON, LLP
111 SE 6th Street

22 - AMENDED COMPLAINT

Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704


David Paul, OSB No. 862605
dp@davidpaullaw.com
DAVID PAUL, PC
210 SW Morrison St, Ste 500
Portland, OR 97204
Telephone: (503) 224-6602
Facsimile: (503) 719-5542

Of Attorneys for Plaintiff

2. For damages on Plaintiff's Second Claim for Relief against Defendant DHS in the amount of $2,000,000.00 in economic damages and $3,000,000.00 in non-economic damages for a total of $5,250,000;

3. For damages on Plaintiff's Third Claim for Relief against Defendant Myrtle Creek in the amount of $2,000,000.00 in economic damages and $4,000,000.00 in non-economic damages for a total of $6,250,000.00.;

4. For damages on Plaintiff's Fourth Claim for Relief against Defendants Myrtle Creek and Salterio $2,000,000.00 in economic damages and $4,000,000.00 in non-economic damages for a total of $6,250,000.00.;

5. For punitive damages on Plaintiff's Fifth Claim for Relief against Defendants Myrtle Creek and Salterio for violating 42 U.S.C. §1983 in the amount of $4,000,000;

6. For injunctive relief requiring Defendant City of Myrtle Creek to have more than one law enforcement officer assigned to and head the child abuse team;

7. Attorney fees, costs, and disbursements for Plaintiff's Fifth and Sixth Claims for Relief; and

8. Such other relief as the Court deems just and equitable.

**DATED** this 23rd day of June, 2020.

CAUBLE, SELVIG & WHITTINGTON, LLP

Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
CAUBLE, SELVIG & WHITTINGTON, LLP
111 SE 6th Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

22 - AMENDED COMPLAINT

David Paul, OSB No. 862605
dp@davidpaullaw.com
DAVID PAUL, PC
210 SW Morrison St, Ste 500
Portland, OR 97204
Telephone: (503) 224-6602
Facsimile: (503) 719-5542

Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I served a true copy of PLAINTIFF'S AMENDED

COMPLAINT on:

> Elizabeth E. Lampson
> elampson@davisrothwell.com
> Davis, Rothwell, Earle, Et al
> 200 SW Market Street, Suite 1800
> Portland, OR 97201
> *Attorney for Defendant Department of Human Services*
>
> Robert E. Franz, Jr.
> rfranz@franzlaw.comcastbiz.net
> Sarah Henderson
> shenderson@franzlaw.comcastbiz.net
> Law Offices of Robert E. Franz, Jr.
> PO Box 62
> Springfield, OR 97477
> *Attorneys for Defendant City of Myrtle Creek*

by mailing to said attorneys a true copy thereof, contained in a sealed envelope, with postage paid,

addressed to said attorneys at the last known address and deposited in the post office on said day

at Grants Pass, Oregon.


**DATED** this 23rd day of June, 2020.

CAUBLE, SELVIG & WHITTINGTON, LLP


Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
CAUBLE, SELVIG & WHITTINGTON, LLP
111 SE 6th Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

David Paul, OSB No. 862605
dp@davidpaullaw.com
DAVID PAUL, PC
210 SW Morrison St, Ste 500
Portland, OR 97204
Telephone: (503) 224-6602
Facsimile: (503) 719-5542

Of Attorneys for Plaintiff